IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANNIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV46 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMEOUT FOODS, LLC, STEVEN MERCER, JOHN DOES 1 and 2, INCLUSIVE, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on two motions. The plaintiff, Annie Stewart (hereinafter "plaintiff" or "Stewart"), has moved for default judgment under Federal Rule of Civil Procedure 55(b)(2) (Filing No. 9). The defendants, Timeout Foods, LLC, Steven Mercer, and John Does 1 and 2, inclusive (hereinafter collectively "defendants") seek leave to file a responsive pleading (Filing No. 12). After review of the motions, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

On October 19, 2015, plaintiff filed a complaint against defendants.[1]  *See Stewart v. Timeout Foods, LLC et al.*, 8:15CV382, (the "382 action") Filing No. 1. The 382 action was assigned to the undersigned. On February 22, 2016, plaintiff

---

[1] Plaintiff sought and was granted leave to file *in forma pauperis* (8:15CV382, Filing Nos. 2 and 5).

moved to dismiss the action without prejudice (*Id.* at Filing No. 6). On February 26, 2016, the 382 action was dismissed without prejudice.

On January 26, 2016, prior to plaintiff's motion and the Court's dismissal of the 382 action, plaintiff, for unknown reasons, filed a second complaint identical to the complaint filed in the 382 action.[2] *Compare id.* at Filing No. 1 *with Stewart v. Timeout Foods, LLC, Steven Mercer, John Doe 1 and 2 Inclusive*, 8:16CV46, (the "present action") Filing No. 1. The present action was originally assigned to the Honorable John M. Gerrard.

On September 15, 2016, plaintiff moved for default judgment under Federal Rule of Civil Procedure 55(b)(2) (Filing No. 11). On September 29, 2016, defendant filed a brief in opposition to default judgment, moved for leave to file an answer (Filing No. 10) and filed a motion for leave to file a responsive pleading and corresponding brief (Filing Nos. 11 and 12). On October 31, 2016, Chief Judge Laurie Smith Camp issued an order reassigning the case to the undersigned for disposition due to the Court's local rule concerning "related" cases (Filing No. 13). *See* NEGenR 1.4.

---

[2] Plaintiff sought and was granted leave to file *in forma pauperis* again in this second action (Filing Nos. 2 and 4).

**LAW**

### I. Federal Rule of Civil Procedure 12(a)

Federal Rule of Civil Procedure 12(a) gives a defendant 21 days to file a responsive pleading.  Fed. R. Civ. P. 12(a).

### II. Federal Rule of Civil Procedure 55(b)(2)

Federal Rule of Civil Procedure 55(b)(2) requires a party to "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  A default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."  Fed. R. Civ. P. 55(a).

**DISCUSSION**

Plaintiff requests "the Court enter Judgment . . . awarding the relief afforded by the [Americans with Disabilities Act].  In addition, she also seeks her attorney fees, costs, litigation expenses, and expert fees."  (Filing No. 9 at 1-2).  Plaintiff's motion is premised on defendants' failure to file a responsive pleading or otherwise defend in violation of the Federal Rules.  *See generally* Filing No. 9.

Defendants "request that the Court deny the Motion for Entry of Default Judgment and grant the Defendants' Motion for Leave to file a Motion to Dismiss because [d]efendants were engaged in settlement discussions . . . [and] the Court should favor adjudication . . . rather than an entry of default . . . ."

(Filing No. 12 at 1). Defendants argue the Court should apply the "good cause" standard used when setting aside default judgments to aid in its determination. *See id.* at 3.

The Court finds that plaintiff's motion for default judgment should be denied and defendants' motion for leave to file a responsive pleading should be granted. Although defendants are well past the 21 days allotted under the Federal Rules, the Court finds that defendants' actions constitute excusable neglect. *See Anderson v. Wells Fargo Bank, NA*, CIVIL ACTION NO. 2:15-CV-88-KS-MTP, 2016 WL 164321, at *2 (S.D. Miss. Jan. 13, 2016) (providing a court "may extend a party's time to file a document 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b)(1)(B))).

Defendants' counsel did not begin representation until June of 2016 (Filing No. 10 at 1-2). From June to September 15, 2016, when plaintiff moved for default, the parties were in engaged in settlement discussions. *See* Filing Nos. 10 at 2-3; 12 at 3-4); Filing No. 10 Ex. A, A1, and A2. Furthermore, the law prefers adjudication on the merits to default judgments as "adjudication on the merits goes to the fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). *See also Willer v. DT Grp. Dev., Inc.*, No. 8:13CV81, 2014 WL 2550243 at *2 (D. Neb. June 5, 2014).

Therefore, for good cause shown, the motion for leave to file a responsive pleading will be granted. Plaintiff's motion for default judgment will be denied.

    IT IS ORDERED:

    1) Plaintiff's motion for default judgment is denied.

    2) Defendants' motion for leave to file a responsive pleading is granted.

    3) Defendants shall file their motion to dismiss by December 7, 2016.

    4) Attorneys David J. Reed, Jeremy C. Jorgenson, and Scott P. Moore shall attend a scheduling conference with the undersigned on:

**Wednesday, December 14, 2016 at 9:00 a.m.**

in Suite 3190, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska, to establish a final progression order for this case.

    DATED this 2nd day of December, 2016.

                           BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court